**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**DELYNN PITTMON**                                                                     **PLAINTIFF**

**VS.**                                                 **CIVIL ACTION NO.:** 3:25-cv-102-CWR-LGI

**DAVEY RESOURCE GROUP, INC. A/K/A**
**THE DAVEY TREE EXPERT COMPANY**                           **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Delynn Pittmon, by and through counsel, Watson & Norris, PLLC, brings this action to recover damages for violations of his rights pursuant to Title VII of the Civil Rights Act of 1964 for retaliation and violations of his rights pursuant to 42 U.S.C. § 1981 for retaliation against the Defendant, Davey Resource Group, Inc. a/k/a The Davey Tree Expert Company (DTEC).  In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**PARTIES**

1.      The Plaintiff, Delynn Pittmon, is a 35-year-old black male resident of Scott County, Mississippi.

2.      Defendant, Davey Resource Group, Inc. a/k/a The Davey Tree Expert Company (DTEC), is a Delaware corporation licensed to do business in the state of Mississippi that may be served with process by serving its registered agent, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

**JURISDICTION AND VENUE**

3.      This Court has federal question jurisdiction pursuant to Title VII of the Civil Rights Act of 1964.

1

4.    This Court has subject matter jurisdiction, and venue is proper in this Court.

5.    Plaintiff timely filed his Charge of Discrimination with the EEOC on November 22, 2023, a true and correct copy of which is attached as Exhibit "A."  The EEOC issued a Notice of Right to Sue on November 15, 2024, a true and correct copy of which is attached as Exhibit "B."  Plaintiff timely files this action within ninety (90) days of receipt of his Notice of Right to Sue.

## STATEMENT OF THE FACTS

6.    Plaintiff is a 35-year-old black male resident of Scott County, Mississippi.

7.    Plaintiff was hired on June 21, 2023, as a Crew Leader at Davey Resource Group, Inc. a/k/a The Davey Tree Expert Company (DTEC).

8.    Soon after Plaintiff began employment with DTEC, Trainer Edward Angulo (white male) referred to Plaintiff as a "nigger" on several occasions.

9.    On July 19, 2023, Plaintiff's co-worker, Koronsha Bowie (black male) submitted a complaint to the DTEC Help Line.

10.    In that complaint, he explained that Mr. Angulo had referred to him and other black male co-workers, including Plaintiff, in a racially discriminatory manner, i.e., called them "nigger", "Ethiopian", etc.

11.    That same day, July 19, 2023, Field Supervisor Derrick Rogers informed Mr. Bowie that he was terminated.

12.    During October 2023, Project Manager Trent Putman (white male) disclosed to Plaintiff that he wanted to terminate "the guys from Mississippi" because of the complaint that had been made.

13. This was a reference to the complaint made by Koronsha Bowie in July 2023.

14. Mr. Putman essentially admitted that he wanted to terminate the other "guys from Mississippi", including Plaintiff, because of their association with Mr. Koronsha Bowie.

15. All "the guys from Mississippi" are black males, i.e., Koronsha Bowie, Plaintiff, Irishma Bowie, Lucius Ball, and Antonio Hughes.

16. On November 13, 2023, Field Supervisor Derrick Rogers informed Plaintiff that he was terminated.

17. No reason was given for the termination.

18. On November 22, 2023, Plaintiff filed an EEOC Charge of retaliation against DTEC.

19. On October 28, 2024, in response to Plaintiff's Charge, DTEC submitted a Position Statement to the EEOC.

20. DTEC's Position Statement alleges that "On or about June 16, 2023, Davey Tree hired Pittmon as a Pole Inspection Crew Leader to work on a temporary assignment in North Carolina. Derrick Rogers (Black) terminated Pittmon's employment, along with four others in the same position, when the temporary assignment concluded and there was no more work available on November 13, 2023. Davey Tree offered to place Pittmon on another assignment in New York thereafter, but Pittmon declined because he said he did not want to relocate for the assignment."

21. Plaintiff contends that this allegation mischaracterizes the events that occurred.

22.     In June 2023, when Plaintiff was hired, Mr. Pullman never stated that the assignment would be "temporary" as DTEC alleges.

23.     Plaintiff also contends that on November 13, 2023, when Mr. Rogers met with he and Mr. Bowie, he (Mr. Rogers) stated that Mr. Pullman had instructed him (Mr. Rogers) to terminate he and Mr. Bowie.

24.     Thus, it was clear that the decision to terminate he and Mr. Bowie was made by Mr. Pullman, not Mr. Rogers.

25.     Plaintiff contends that although there were other positions available in Mississippi and Louisiana, Mr. Pullman's only offer of transfer was to only to New York, and Pullman did not want to go so far away from his home.

26.     DTEC's Position Statement alleges that "First, it belies logic that Davey Tree would make any decision regarding Pittmon's employment based on his co-worker's alleged complaint. Indeed, Pittmon cannot establish a causal connection between the two, particularly when Davey Tree terminated his employment in November, five months after Koronsha's alleged race discrimination complaint in July."

27.     Plaintiff contends this allegation is false.

28.     As stated in his initial Charge, during October 2023, Mr. Pullman stated to Mr. Irishma Bowie that he wanted to terminate "the guys from Mississippi" because of the complaint that had been made.

29.     This was a reference to the complaint made by Koronsha Bowie in July 2023.

30.     Mr. Pullman therefore admitted that he wanted to terminate the other "guys from Mississippi", including Plaintiff, because of their association with Mr.

Koronsha Bowie.

31.    All "the guys from Mississippi" are black males, i.e., Koronsha Bowie, Delynn Pittmon, Irishma Bowie, Lucius Ball, and Antonio Hughes.

32.    DTEC's Position Statement alleges that "Second, and even more fatal to his claims, Rogers terminated two white employees who also were not involved in Koronsha's alleged complaint on the same date and for the same reason—lack of work."

33.    Plaintiff contends that if two white employees were also laid off due to lack of work at that time (an allegation that Plaintiff cannot confirm), they were likely offered work in locations closer to their home, whereas even though there were available positions in Mississippi and Louisiana, Mr. Pullman offered Plaintiff to either accept a position in New York (i.e., a very remote and therefore undesirable location) or be terminated.

34.    DTEC's Position Statement alleges that "Third, Rogers is Black and therefore in the same protected category as Pittmon, so there is strong inference against him having any racial animus."

35.    As explained above, on November 13, 2023, when Mr. Rogers met with Plaintiff and Mr. Bowie, he (Mr. Rogers) stated that Mr. Pullman had instructed him (Mr. Rogers) to terminate Mr. Bowie and Plaintiff.

36.    Thus, it was clear that the decision to terminate Mr. Bowie and Plaintiff was made by Mr. Pullman, not Mr. Rogers.

37.    DTEC's Position Statement alleges that "Furthermore, Davey Tree vehemently denies that Trent Pullman made the comment alleged in Pittmon's Charge

and there is no evidence to support Pittmon's self-serving assertion."

38.   Mr. Bowie maintains that during October 2023, Mr. Pullman made the statement that he wanted to terminate "all the Mississippi guys" (all of whom were black), following the complaint of race discrimination made by Koronsha Bowie in July 2023.

## CAUSE OF ACTION

### COUNT I: VIOLATION OF TITLE VII - RETALIATION

39.   Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 38 above as if fully incorporated herein.

40.   Defendant retaliated against Plaintiff by terminating his employment for making a complaint of discrimination.

41.   The effect of the events described above deprived Plaintiff of equal employment opportunities in retaliation for exercising his federally protected rights.

42.   The unlawful actions of the Defendant complained of above were intentional.

43.   The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

44.   Plaintiff is entitled to protection from retaliation for making complaints or charges of discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.*

45.   The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.,* and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

## COUNT II:  VIOLATION OF 42 U.S.C § 1981 – RETALIATION

46.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 45 above as if fully incorporated herein.

47.    Defendant has violated 42 U.S.C. §1981 by retaliating against Plaintiff for reporting discrimination.

48.    Plaintiff is entitled to protection for making complaints or charges of misconduct in violation of 42 U.S.C. §1981.

49.    The acts of the Defendant constitute a willful intentional violation of 42 U.S.C. §1981 and other federal laws, and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages;
2. Reinstatement or future wages in lieu of reinstatement;
3. Compensatory damages;
4. Punitive damages;
5. Attorney's fees;
6. Lost benefits;
7. Pre-judgment and post-judgment interest;
8. Costs and expenses; and
9. Such further relief as is deemed just an proper.

THIS the  11th  day of February 2025.

Respectfully submitted,

DELYNN PITTMON, PLAINTIFF

By: /s/Louis H. Watson, Jr.

7

Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, Mississippi 39232
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
        nick@watsonnorris.com